UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

───────────────────────────────────────

Robert Lee Bailey,                       Civil No. 12-1727 (DWF/LIB)

        Petitioner,

v.                                   **REPORT AND RECOMMENDATION**

Scott P. Fisher, Warden,

        Respondent.

───────────────────────────────────────

      This matter is before the Court upon Robert Lee Bailey's (Petitioner) Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The case has been referred to the undersigned United States Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court recommends that the Petition be denied and that this action be dismissed with prejudice.

**I.    BACKGROUND**

      Petitioner is a federal prisoner currently confined at the Federal Correctional Institution located in Sandstone, Minnesota. (Pet. for Writ of Habeas Corpus [Docket No. 1] at 2). He is serving a 140-month sentence imposed by the Honorable Ann D. Montgomery for violation of 18 U.S.C. § 2421 and 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Dec. of Angela Buege [Docket No. 6] ¶ 3). He has a projected release date of December 14, 2013. (Id.) Petitioner seeks review of two prison disciplinary hearings, in which he was found guilty of possessing stolen property. The Court briefly describes each incident and disciplinary hearing.

Petitioner provides that on April 3, 2012, he was charged by a prison official with stealing and possessing stolen property. (Id. at 3). He alleges that on May 3, 2012, a disciplinary hearing was held, at which time the Disciplinary Hearing Officer (DHO) dismissed the charge of stealing but found Petitioner guilty of possessing stolen property. (Id.) As a result, he was sanctioned with a loss of 27 days of "good conduct time," placed in segregation for 30 days, on probation for 90 days, and 30 days loss of commissary. (Id.) Petitioner argues that his due process rights were violated as a result of the guilty finding because the decision was not based on facts. (Id. at 4).

As to the second, incident, Petitioner states that on June 30, 2012, he was issued an incident report and again charged with possession of stolen property (on a basis different from the charge noted above). (Id.) On July 11, 2012, a disciplinary hearing was held, at which time he was found guilty of possessing stolen property. (Id.) He was sanctioned with a loss of 27 days of "good conduct time," placed in segregation for 60 days, 90 days loss of phone and commissary. (Id.) Petitioner asserts that his due process rights were violated because he was disciplined for stealing property, which he alleges was improperly destroyed upon confiscation. (Id.)

As to both incidents, Petitioner stated that he had "not exhausted his administrative remedies as to do so would be futile." (Id.) His explanation, in the Petition, for why it would be futile to attempt to appeal the decisions was that, at the time of filing the present Petition, he had not yet received in writing the decisions from either of the disciplinary hearings and was not advised as to when he could begin the administrative process. (Id.)

On July 31, 2012, the Court issued an order requiring Respondent to either file a written response to the Petition or a motion to dismiss. (See Order [Docket No. 2]). On

August 13, 2012, Respondent filed the present motion to dismiss, or in the alternative for summary judgment, asserting that Petitioner had failed to exhaust his administrative remedies. (See Motion to Dismiss [Docket No. 3]). Shortly thereafter, on August 15, 2012, the Court issued an order directing Petitioner to file a response to Respondent's motion to dismiss, should he so choose, by September 14, 2012. (See Order [Docket No. 8]). The Court also permitted Respondent to file a reply, should he so choose, by September 28, 2012, and advised the parties that it would take the matter under advisement on the written submissions of the parties as of September 28, 2012. (Id.) To date, Petitioner has not filed a response to Respondent's motion, nor has he made a request for an extension of time to respond. Similarly, Respondent has not filed a reply to the present motion before the Court. As such, it appears to the Court that Petitioner may not even wish to pursue the present petition any longer. Nevertheless, without having received any response from Petitioner or an update from Respondent, the Court addresses the merits of his petition.

## III. DISCUSSION

The federal due process clause requires that a prison disciplinary board establish its factual findings at the hearing using "some evidence" as the standard of proof. Goff v. Dailey, 991 F.2d 1437, 1441 (8th Cir. 1993). However, the power of federal courts to review the decision of the prison disciplinary hearing officer is limited because "[t]he federal courts are not part of the appellate process for prison disciplinary proceedings." Toombs v. Hicks, 773 F.2d 995, 997 (8th Cir. 1985) (citing Courtney v. Bishop, 409 F.2d 1185, 1187 (8th Cir. 1969)).

Before the Court even considers whether Petitioner's due process rights were violated during the prison's disciplinary process, the Court must address the threshold issue raised by Respondent: whether Petitioner has exhausted his administrative remedies.

This Court has explained on numerous occasions that federal prisoners must exhaust their available administrative remedies before seeking federal habeas corpus relief under 28 U.S.C. § 2241. Wilson v. Holinka, No. 04-4691 (ADM/AJB), 2005 WL 827086, at *1 (D. Minn. Apr. 8, 2005) ("Procedurally defaulted claims will not be entertained in federal court unless the prisoner is able to show that some 'external impediment' prevented him from exhausting his administrative remedies in a proper and timely manner, and that actual prejudice will result if his claims are procedurally barred."); Rivero v. Fisher, No. 10-3045 (SRN/JJK), 2011 WL 1262139, at *3 (D. Minn. Feb. 18, 2011) ("With limited exceptions, a federal prisoner must exhaust any and all available administrative remedies before challenging an action of the BOP in a federal habeas action under 28 U.S.C. § 2241."); Tendall v. Fisher, No. 10-2380 (PAM/AJB), 2011 WL 2533853, at *2 (D. Minn. Jun. 3, 2011) ("When grievance procedures exist to provide a means for impartial review, a federal prisoner must exhaust available administrative remedies within the correctional system before seeking extraordinary relief in federal court"); Whentworth v. Fisher, No. 10-2270 (JNE/JSM), 2011 WL 5077612, at *4 (D. Minn. Oct. 7, 2011). The reason for requiring such exhaustion is because "[w]hen proper grievance procedures exist, their utilization benefits the prisoner, the prison authorities and the courts." Willis v. Ciccone, 506 F.2d 1011, 1015 (8th Cir. 1974).

The administrative remedy process for appealing a DHO decision involves two steps: 1) submitting an appeal to the BOP Regional Director; and if still unsatisfied, 2) appealing the Regional Director's response to the Central Office of the BOP. 28 C.F.R. §§ 542.14(d)(2),

and 542.15; Rivero, 2011 WL 1262139, at *2.  Once the prisoner has received a response from the Central Office, his complaint is considered exhausted.  28 C.F.R. § 542.15.

Petitioner does not allege that he has exhausted his administrative remedies by following the three-tiered process described above.  To the contrary, he admits that he has "not exhausted his administrative remedies" as to both of the incidents raised in his Petition.  (See Petition at 4-5).  He argues, however, that the Court should consider the merits of his claims because it would have been futile for him to exhaust his administrative remedies.  (Id.)

The Court may, in certain, limited situations, excuse a petitioner's failure to exhaust his administrative remedies if it would be futile to do so.  See, e.g., Giannini v. Federal Bureau of Prisons, No. 08-1166 (JMR/JSM), 2010 WL 1427318, at *5 (D. Minn. Feb. 12, 2010); Anderson v. Outlaw, No. 2:11-cv-00013-JLH-BD, 2011 WL 1480048, at *1-2 (E.D. Ark. Mar. 30, 2011).  Here, no circumstances exist upon which the Court could find that Petitioner's attempt to exhaust his administrative remedies would be futile.

Petitioner's only offered basis for why he believed that pursuing the administrative process would be futile is his allegation in the Petition that he did not receive the DHO's findings on either matter in a timely manner and was advised by "staff in the prison" that they were "not sure when the process to initiate administrative remedies may start."  (Petition at 4-5).  At the time he filed the Petition, he believed that because "no one [could] confirm when the [DHO would] have his findings in writing," it would be futile to pursue his administrative remedies.  The entire basis of Petitioner's only argument for futility was entirely undermined when he received copies of the DHO's findings on August 1, 2012 regarding both incidents, both of which he then appealed to the Regional Director of the North Central Regional Office on August 6, 2012.  (Decl. of Angela Buege ¶ 4).

5

Without having received any opposition from Petitioner to Respondent's motion to dismiss, and having received undisputed information that Petitioner is now apparently following the administrative process, the Court cannot find that Petitioner should be excused from the requirement of exhausting his administrative remedies.[1]

Because the Court finds that Petitioner has failed to exhaust his administrative remedies, it does not reach the underlying merits of Petitioner's claims regarding the DHO's findings with respect to the two incidents raised in the Petition. Furthermore, because Petitioner's appeal of the DHO's findings appears to still be underway through the administrative process, the Court recommends that the Petition be dismissed without prejudice. See Rivero v. Fisher, No. 10-3045 (SRN/JJK), 2011 WL 1212083, at *1 (D. Minn. Mar. 31, 2011) (dismissing a similar petition as untimely without prejudice).

---

[1] The Court notes that even if Petitioner was not provided with a timely report stating the DHO's findings, it would not "excuse [him] from exhausting his administrative remedies." Whentworth v. Fisher, No. 10-2270 (JNE/JSM), 2011 WL 5077612, at *6 (D. Minn. Oct. 7, 2011); Rivero v. Fisher, No. 10-3045 (SRN/JJK), 2011 WL 1212083, at *1 (D. Minn. Mar. 31, 2011). This is because even "if the DHO report is not available, the BOP regulations allow an inmate to proceed through the appeal process without it." Rivero v. Fisher, No. 10-3045 (SRN/JJK), 2011 WL 1262139, at *2 (D. Minn. Feb. 18, 2011), adopted in full by 2011 WL 1212083, at *1 (D. Minn. Mar. 31, 2011); Whentworth, 2011 WL 5077612, at *6.

## III. CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's Motion for habeas corpus be denied;

2. This action be dismissed without prejudice;

3. Judgment be entered accordingly.


Dated: December 27, 2012                    s/Leo I. Brisbois_____
                                            LEO I. BRISBOIS
                                            United States Magistrate Judge

## N O T I C E

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by January 10, 2013**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.